The final case being argued today is Dockery v. Lee. All right, Mr. Cormack, I see you reserve three minutes for rebuttal, and you can begin whenever you're ready. Thank you very much. Matthew Cormack from Davis Polk & Wardwell on behalf of the petitioner-appellant Alexander Dockery. The Constitution guarantees indigent criminal defendants like Mr. Dockery counsel to be appointed to appeal their criminal convictions. But here Mr. Dockery was deprived of that constitutional right because of the peculiar process that was in place at the time in New York's first department. And that process handed him a form that said, to appeal you must file a notice of appeal. You can ask your trial counsel to do so, or you can do it yourself. If you need an attorney, you can send a notarized letter to the first department with your financial circumstances and one will be appointed for you. He was never told and did not understand that that final clause applied to him, someone who was represented at the time by an attorney, who he asked to file the notice of appeal, who in fact did file the notice of appeal. Because Mr. Dockery didn't appreciate that in New York State court, you then were on a much narrower, I think you can correct me if I'm wrong, the issue we're looking at here is at the point that he raised it in this habeas petition, did he satisfy the in-custody requirement at that point as relates to this conviction in 1986? And in order to do that, we would have to address the Lackawanna decision, which basically says construing it most favorably the way you want it to be construed, that there's an exception if there's no fault on behalf of your client for raising it earlier. That's really the narrower question we're looking at here, right? That is the narrow question and that history is relevant because the court must determine, well, why is it in fact that it was not until 2015 that Dockery asserted this constitutional claim in the habeas petition? All right. So why couldn't he have raised this, you know, even assuming everything that you just said that he didn't understand the procedure, the procedure was no good, 1992 he's convicted, his lawyer didn't raise it at that point, that prior 1986 conviction was used to enhance his 1992 conviction, and then obviously in 2000 he's convicted again, and again, the constitutionality of the conviction, which is enhancing his 2000 conviction. So how could we determine, and the state court actually determined that this was, they made a finding that if this was a strategic decision on behalf of your client not to raise this earlier than he did, so how can we find, even assuming that exception exists from Lackawanna, that it's met on this record? So the mere existence of the New York State procedure to challenge prior convictions at cannot be sufficient, because that procedure exists in all cases, but here Dockery had no idea that he had a constitutional claim, and in fact he didn't yet have a constitutional claim until Perez, which was the consolidated court of appeals case, that dismissed his appeal. Why not? So if your claim is that the form itself was confusing and the form effectively denied him his right to appellate counsel, then he had a claim right when he got the form and was too confused to take advantage of the procedures it offered, and that's when his claim arose, right? The claim was not right until, because he did later get counsel, that counsel moved to reinstate the appeal despite the passage of time. But that's what gave him an opportunity to actually challenge something that happened in the 1986 trial, but that, you're saying the claim is that this procedure by which he has to request appellate counsel was the constitutional violation. So that happened right when he got the form, right? Correct. And I think that perhaps the way to best answer the question is to imagine what would have happened if he had raised a constitutional claim when the state of the appeal was as it was in 1992 and 2000, meaning the notice of appeal had been filed and then the docket was simply dormant. I believe that the result would have been to say, you still have an open appeal. You can go attempt to prosecute that appeal. Was the appeal actually open? I mean, at some point, the state would have to move to dismiss. Yes, because the state had to move to dismiss, and the state only moved to dismiss after Dockery obtained counsel in 2008. And so the odd procedure in New York appellate courts are that the case remains open until the state moves to dismiss. Could he have prevented it being used to enhance his sentence if in 2000 his lawyer had looked back to see what had happened in that case and saw that it was still pending and he could have said to the sentencing judge in 2000, we object to this being considered because he has an appeal pending. So I think it is an important question of what would have happened in that hypothetical because I think that's what the state suggests Dockery should have done. And I think that's why they're suggesting, in part at least, there are other reasons they say he was at fault, but they say that was a clear point where, and it's no allegation  So first, I would say it's not a fault because Dockery did not understand in 2000 still that he had been deprived of his appellate counsel. He thought that the appeal was unsuccessful. He does say that he started to see the process play out appealing his 2000 conviction, and he, it was different than what he observed before, but he was now an adult. He was in a different court. This is Brooklyn, Second Department, as opposed to Manhattan, First Department. But he didn't understand until he wrote to the First Department asking for his appellate papers that there was only a notice of appeal and nothing that happened. But you can't dispute that if he had done that sooner, he would have found out the same information. That is correct. Right, so if we're in a world in which you need to show that without reasonable diligence, you couldn't have discovered the basis of this claim, then he can't possibly overcome that. So I do think that is correct, but I think that I understand your argument for why we're not in that world, which we can get into, but you would agree that he couldn't overcome that hurdle. Yes. If the test is whether or not he himself could have figured this out earlier, I think the answer is certainly he could have, because he could have written the same letter at any point in time, but it simply did not occur to him to do that. And I think it's important to turn back to what the State says happened here, which was essentially a strategic decision by him not to do this and not to pursue the appeal. And I think that that is a very problematic argument, because we don't expect individuals to make those types of strategic decisions without the assistance of counsel. That's exactly why counsel should have been appointed, to evaluate and determine whether or not he should have pursued the appeal. Can I ask just a few basic questions? So what is the conviction that is challenging, or what's the judgment? Which district court judgment is he challenging here? Is it the 1986 one, or is it the 2001? So I think that the Malang and Lackawanna talk about, and they use lots of different words, but he is challenging the sentence that was imposed as a result of the 2000 conviction. And he is also challenging the constitutionality of the 1986 conviction. It is both of those combined that give him the, that satisfy the in-custody requirement, because Malang and Lackawanna both said, certainly you can't challenge. Tell me that he is not in custody pursuant to anything that happened in 1986. Correct. He's in custody because of the 2000 conviction. Exactly. So he's really challenging the judgment of the district court in 2000. The language in Malang and Lackawanna say that you attack the current sentence by challenging the prior conviction. So you can get into semantics of it as an attack or a challenge. Right, but it lets you file a habeas petition challenging the later conviction and sentence, but you can use it as a vehicle to challenge the first one if you meet an exception. Yes. So that's what you're saying your client is doing. You need to have both of them. And you agree that he wasn't deprived of counsel at the trial, so there isn't a Sixth Amendment. It's not a Gideon claim, correct. So you're only saying it's this no-fault exception that we have, that is proposed in Lackawanna, right? Yes. So we're in that no-fault exception. You're saying it wasn't his fault because the form was confusing and he didn't know how to take advantage of his appellate rights. Yes. But you know, I mean, even the judges, the justices who in Lackawanna say that there's this no-fault exception, they seem to talk about a state court depriving somebody of their opportunity to pursue an appeal. And it's where the court refuses to rule on a constitutional challenge. And they say this is effectively the first opportunity you would have to challenge it. That's not exactly this case, right, because you had the opportunity. You're just saying he failed to take advantage of it. And you're saying he reasonably failed and so on. But is that really what the justices are talking about in Lackawanna? So I think that it's very clear that the second exception in Lackawanna, and the State even points out that they weren't even sure that it existed. They were sort of hypothesizing about future events. And so those examples are helpful and illustrative. But what the, I think the key takeaway from that exception is Lackawanna incorporating Daniels incorporates a prudential rule that says. I understand, they're giving examples about what might, but then it says, the principle is a habeas petition directed against sentence may effectively be the first and only form available for review of the prior conviction. Yes. But you don't dispute that there was a state form available for review of the prior conviction. You're just saying he didn't follow the form or you think he reasonably didn't understand the form and he couldn't take advantage of it. But it was available. The state did not deny him a form in which to challenge the prior conviction, right? It was available in the same sense that in the example given in Lackawanna, there might be something presented to the court in a procedure that's available and the court doesn't rule on it or consider it. And I think that the question should be why did Lackawanna impose the general prohibition on looking at prior convictions that are used to enhance? And it did it because of finality and the ease of administration. And the exception simply postulates maybe those prudential concerns won't apply in all cases. And here, finality is premised in Lackawanna on the assumption that there will be an appeal. It notes that all 50 states allow an appeal. So you've had a trial. You've had an appeal. We are very comfortable letting those be. I mean, it's not premised on the idea that there will be an appeal, right? It's premised on the idea that you have, like, the whole thing is based on finality, as you said, and there might be an exception when somebody doesn't have an appeal and the state procedures deny them that right. But you're saying we should say it's not just the form was confusing. It's that New York, the New York state courts denied him a right to appeal. Correct, because they ultimately dismissed it once he did have counsel. So the finality problem. The form is unconstitutional? Like, it's unconstitutional for the New York state courts to require a defendant to send a notarized letter to get counsel. Yes. Going back to first principles, Swenson v. Bolzer says that the Douglas right to counsel is not dependent on a request. So any form is unconstitutional. The process has been changed, thankfully, in the first department. Can the New York state courts ask for the evidence of income? Yes, they could ask. I believe that it's Kitchens that they can ask for proof of the financial situation of the defendant to prove their existence. Isn't that really the only purpose of the instructions that were given to him, to file a letter that says, give us a letter with income information, and we'll appoint counsel? It didn't say it's all contingent on your request. It just said you get it if you can show that you're entitled to it because of your IFP status. Yes, although I think that somewhat is a distinction without a difference. If he's not aware that he needs to fill out that information, which he's already provided to get his trial counsel, then it's essentially requiring him to make the request, even though that request attaches permissible questions that he should answer, it is something that should have been provided to him. So you're saying that the state courts should have done their own inquiry into his income status? No, and every other state, and even at the time, other departments in New York, would have provided him with the, would have appointed him counsel and said, here's the information that you need in order to fill it out. Or some jurisdictions have trial, the trial counsel assist in the application and filling it out. So there's many different ways that other jurisdictions deal and protect this constitutional right, but simply leaving it to him to figure out, interpret the form,  But even if we get to this point, he has already filed a habeas petition for challenging the judgment in 2000, which he's in custody, so this is the second or successive habeas petition. Panetti v. Quarterman would say otherwise because his claim was not ripe as of the time in 2005. We have case law. The Supreme Court says in Burton that just the failure to exhaust doesn't mean that it wasn't ripe. You can't say because you failed to exhaust an earlier claim, you couldn't have brought it before, and this is not second or successive, right? The remedy for that is you ask, and he actually here, he had a stay, right? He could have, as we discussed earlier, it's not totally clear to me that he needed, that this is exhaustion, right? He was reopening the proceedings to pursue an appeal that he's, his claim is he was deprived of in the first place. But even assuming he was required to do that exhaustion, he could have kept the petition stayed and finished that and then pursued all the unexhausted claims together, right? He could have, and Panetti v. Quarterman says we don't need to require that kind of ritual to put something in a petition, then figure out later if you have, actually have a claim. And I think as we note in footnote 13, I think this is more ripeness than exhaustion, although it may be a bit of both, because Panetti talks about there could be a valid claim or not. And then I think exhaustion would be once you have a claim, what do you do to try to remedy it? And here, if his appeal had been allowed to go forward in 2008 and the State had not moved to dismiss it, that would potentially, depending on if he was given the full rights to prosecute that appeal on the same basis if he had done it in 1986, there wouldn't be a constitutional claim. Because that's the relief we're asking for. He also waited three years to even pursue it. In 2005, he realized there was a problem and didn't write the appellate division, I don't think, until 2008, right? Yes. I have to correct the record and say it was actually eight years, because he, at least the record says he began to wonder in 2000. Right. He began to wonder in 2000. And certainly he knew in 2005, and yet he still didn't even raise it to 2008, so that hardly seems like no delay, right? I think he certainly knew only once he received a response from the appellate division the second time, because the first time, this I believe was in 2008, the appellate division said, yes, the notice of appeal was filed. And he, again, not understanding the distinction, didn't know that that meant, but there was no actual appeal. But even under argument, you're saying essentially that the 1986 appeal was still live when he filed the earlier Avis petition. Correct. If that's true, wouldn't that also be an argument for why the 1986 enhancement shouldn't apply, because it was never a final judgment? So the— So he could have raised an argument about the 1986 conviction. He could have raised an argument about the 1986 conviction. And I think what almost certainly would have happened is the New York courts would have said, or the State would have then become aware of this. The State, I think, reasonably doesn't monitor every notice of appeal filed until a brief is filed. If he had raised it then, we would be in the exact same situation we are now. The State would have moved to dismiss. And we now know in Perez that that was—dismissal was affirmed. And the reason it was affirmed is because they said, well, you waited until a later sentencing and then tried to make an issue of it. And that's procedural default under New York law. So he would have been in the same situation, but he would have been left with Avis. So to be clear, your argument is this is not a second or successive Avis petition because he had to go through these state procedures before he could raise it in the first place. And so— Because it was not— You should treat this as a first Avis petition, even though he has already filed the Avis petition challenging the judgment of this court in 2000 pursuant to which he's in custody. Yes. I would say it slightly differently, that the claim didn't exist until the appeal was dismissed. So it's a rightness issue in Panetti v. Quarterman's sense. But you agreed with me a moment ago that he was deprived of his appellate counsel back in 1986 when he received the form. He was, but if you—he doesn't— So there was a claim, right? There could be a claim, but if it were asserted, I have no doubt that the State would say it's not right because you can—you should go— That's what it is about exhaustion, right? It's not that the claim didn't arise. It's that you think he had to exhaust his—the procedures before he could include it in his Avis petition. Perhaps I'm making too fine of a distinction, but I think that rightness may be a bit different as to whether or not the claim exists as opposed to whether or not you can vindicate it in— No, no. I'm accepting that distinction. Yeah. But I think you had agreed that it was right in the sense that the deprivation had occurred in 1986. But the reason why you're saying he couldn't have brought it in 2000 or 2008 or whatever it was is because he had to go through State procedures. So that sounds more like exhaustion than rightness. I would say—perhaps my final word, and I appreciate the additional time, is that there—he—his rights were deprived, but he may not have been injured. And he had to go through the State court process to figure out whether or not that constitutional deprivation would give an injury to him which would give rise to a claim. Because it may have been that the court would have allowed him to proceed on that appeal. We didn't know until Perez in 2014. Thank you very much. Okay. We have Mr. Cohn. Thank you, Judge Bianco. May it please the Court, my name is David Cohn, and I represent the respondent in this matter. Regardless of whether this Court views the petition as challenging the 1986 Manhattan conviction or the 2000 Brooklyn conviction, the petitioner has failed to satisfy the custody requirement in this case. To begin, I just want to first address Judge Monash's question about which petition is at issue in this habeas appeal. The only fair reading of the petition is that it was challenging petitioner's 1986 Manhattan conviction, for which he is conceitedly no longer in custody. It is a counseled petition, so it's not entitled to a liberal construction. And if you just read the plain language of the petition, it names the 1986 Manhattan conviction as the one being challenged. The grounds for relief are directed solely at the 1986 Manhattan conviction. The petitioner is asking only for the appeal from that conviction to be reinstated. He is not asking for the 2000 sentence to be set aside. And it was also filed in the Southern District of New York, indicating that it was challenging the Manhattan conviction as opposed to a challenge to the 2000 Brooklyn conviction, which would be filed in the Eastern District. Beyond that, there are sound reasons why counsel chose to challenge the 1986 conviction instead of the 2000 conviction. The first reason, which was identified by this panel, is that it would be a successive petition if it was directed at the 2000 conviction. The petitioner had already challenged the 2000 conviction in 2005 habeas. He did not seek permission from this court, which would be required to file a successive petition. He did not even acknowledge in his habeas petition in 2015 that the previous 2005 petition had been filed. And if he was truly seeking to challenge the 2000 conviction, it would have been incumbent on counsel, in the interest of full disclosure, to inform the court that the 2005 habeas had been filed, and at least to argue why the successive petition, what counsel now claims was sort of not a successive petition, was permissible under the circumstances. But what about that? So what about that argument that it's not a successive petition because even though it is challenging the 2000 judgment, if he had brought the claim earlier, the court would have required him to go through the state procedures? Or maybe, as opposing counsel said, it wasn't clear yet that he had been injured. Or some argument to that effect. Well, Judge, I'd like to direct the court to just the plain language of 28 U.S.C. 2244. Just look at the statute. And it talks about there being a prior petition. There was clearly a prior petition. And if the claim was not presented in the prior petition, that can be excused for one of two reasons. One, if there's a retroactive new rule of constitutional law, which conceivably is not an issue here. And two, subdivision B of 2244.8.2 has two prongs. One, that the predicate, the factual predicate, could not have been discovered with due diligence. And number two, that actually the facts would have proven that the defendant was actually innocent of the crime. There's no allegation of that. Their argument is that it falls within this, he refers to as, the claim wasn't ripe under James v. Walsh. Right. That the claim was not ripe at that point. So he's not arguing it fits into one of those. Exceptions, right? So you want to address, why isn't this like James v. Walsh? Yes, Your Honor. And I think that's just a question of exhaustion. That's not a question of whether it's a successive petition. We would concede, absolutely, that a challenge to whether he was denied his appeal in the 1986 Manhattan Commission, which is the actual claim he's raising. That was not exhausted until the Perez decision upheld the dismissal of his appeal in 2014. So that claim was not properly raised in federal court until 2014, or at least not properly litigated. But at that time, at the time when he was aware of the factual predicate of this claim, certainly in 2001, when he starts wondering about what happened to his 1986 appeal. And that's according to his own affidavit, which, by the way, the state courts did not credit the self-serving statement as his own affidavit. And instead, ruled that he made a decision for whatever reason to not appeal the 1986 commission until later on he discovers that it's being used to enhance this 2000 conviction, for which he is serving a significant sentence. So in 2001, he understands the factual predicate. In 2008, the appellate division dismisses his appeal. That's the first round of dismissals. At that point, the claim is absolutely right. He can absolutely say that my rights to an appeal have been violated by the state courts because I didn't understand what I was supposed to do, and now they've dismissed my appeal. Now, he might not have exhausted the factual predicate of that claim, but it's certainly right for federal review. Because he hadn't actually submitted his explanation for why he didn't appeal until 2011, which is the end of 2011, beginning of 2012, when he moves to reinstate. And that's another three years or so after the appellate division dismisses his appeal. All this shows that there are multiple years, even putting aside the question, which is not before this court, actually, in this appeal, of whether the rights notice that he was given in 1986 is sufficient to preserve his right to appellate counsel. And the state courts have upheld it. I know there's been some criticism of that from the district courts. But in Califf, this court said that it was not going to address that question. It merely addressed the procedural question. In Califf, this court said that because the defendant in that case, the petitioner in that case, unjustifiably delayed in presenting his claim to the state courts and then to the federal courts, that he did not satisfy the custody requirement, even under the second Lackawanna exception. I don't see how this case is any different. He had multiple opportunities. At the very least, he sat on his hands for seven years, between 2001 and 2008, before he even inquired of the appellate division. Like we say, he sat on his hands for another three years, until 2011, before moving to reinstate his appeal. And as this court just mentioned during my opposing counsel's argument, the petitioner actually had opportunities to challenge the use of this predicate in his prior state court proceedings, where he was represented by counsel. In 1992, he was represented by counsel. After his second conviction, he conceded on the record that it was proper to enhance the sentence based on the 1986 conviction. He did the same thing in 2000. He conceded on the record that the conviction was properly used to enhance his sentence. That should be deemed, and Caleb held that that should be deemed a waiver of his right to challenge the constitutionality of the original sentence of the 1986 conviction, both in state court and for the purposes of this habeas corpus proceeding. The only allegation at this point that he might be entitled to raise would potentially be a claim that his attorneys were ineffective in 1992 and 2000 for not challenging the use of the 1986 conviction as a predicate felony. He has never made that allegation. He does not make that allegation in the habeas petition here. And that is yet another reason why it was entirely reasonable for the state court to conclude that the defendant in this case, for whatever reason, made a conscious decision not to appeal the 1986 conviction. So you're saying that he's at fault. He had opportunities to raise the issue of the 1986 conviction earlier. So we don't have the second Lackawanna exception, even if there is one, and there's a waiver, as you say. But even if we get all the way to the issue of exhaustion, and you're saying, well, it was definitely exhausted by 2008. If, in fact, we were to conclude that it wasn't exhausted until the Perez decision, would that still render this a first habeas petition as opposed to a second one? I don't think it would, Your Honor, because whether it's a successive petition would depend on whether the claim exists. Once the appeal is dismissed in 2008, I mean, and that's even under opposing counsel's view of what a successive petition means. It depends on whether the claim exists. As soon as the appeal is dismissed, and he never sought leave to appeal from that dismissal, by the way. Instead, he filed a CPL 440 motion in state court, making a plainly incorrect. We have, in this case, we have a stay of the habeas petition for state proceedings to continue, right? Yes. Isn't that what you should normally do if you have an unexhausted claim that's still proceeding in state court? Yes, Your Honor, absolutely. So why would you do it for one and not the other? Sorry, Your Honor? So why would you do it for one and not the other? Yeah, I think... Like you get to file a second habeas petition because you failed to exhaust a claim that you want to raise? Right. I don't think that that should be the rule, Your Honor. I think that especially when the petitioner is on notice that there is a claim and it's unexhausted, then the petitioner should have an obligation to go to the judge who's hearing the pending habeas and say there's an unexhausted claim that I would like a stay in order to exhaust. And as Your Honor mentioned, he actually did that in the 2005 habeas proceedings. And that's why the 2005 habeas was pending until 2013. I think all this history shows why this really was never intended as a challenge to the 2000 conviction. This habeas petition was always envisioned as a challenge to the 1986 conviction. And the argument that it's a challenge to the 2000 conviction is made solely in response to the fact that as is now conceded, that he's simply not in custody for the 1986 conviction. Thank you. Thank you. Cormack, you have three minutes and rebuttal. Thank you. As to the custody point, it is obviously true that the constitutional problem here exists in the 1986 conviction. It's also not disputed that that conviction enhanced the 2000 conviction. And it's also not disputed that Mr. Dockery is currently in custody serving a prison sentence as a result of that. So the idea that there is some confusion or ambiguity about the nature of the claim, I think, is incorrect. And as in Califf, the court should construe the petition as attacking both 2000 and 1986. But that's not what happened, right? It's construed as attacking the later conviction pursuant to which the prisoner is in custody. And then if you didn't have an arbitration to challenge the initial conviction that enhanced it, you get to do that through a petition to the later conviction. It's not construed as challenging both. You never get to challenge a conviction pursuant to which you're not in custody. Again, the definition of what constitutes a challenge versus an attack, and those words are used interchangeably in Lackawanna, Millang, and Daniels. But I think that there is certainly a difference between a petition aimed at the 2000 conviction, only the 2000 conviction, not addressing any prior convictions, and what we have here, which certainly the conviction under which he is in custody and therefore satisfies that requirement is 2000. But substantively, the only relevant fact is the enhancement of that conviction, which is not disputed. Everyone agrees. It was, in fact, enhanced. So the substantive constitutional arguments are directed at 1986. And I think everyone agrees that the framework in which you evaluate that is Millang and Lackawanna. How you might characterize what's being attacked or challenged is not clear at all from Lackawanna, for example. It uses attack and challenge interchangeably. But I think we all agree that you need to have both of those convictions. The 2000 conviction has to have been enhanced, and he has to be currently in custody on that. The 1986 conviction that caused the enhancement must be unconstitutional. I think that we all agree that that's the framework. How you might characterize that, I think, is simply semantically not. Can you address his argument that once the appeal was dismissed, and certainly it was ripe at that point, can you address that? Sure. I think that the fact that there were further appellate proceedings belies that point. I think it goes to James v. Walsh, which, again, I think underscores the injury point and the difference between exhaustion and ripeness. Because there, the calculation on the sentence was incorrect. And the courts dismissed the appeal by saying, well, you haven't hit your release date. Defendant, you say you should be released on this date. That hasn't come yet. So you're not yet being held in a manner that's unconstitutional. Here we have the same problem. If he were to have raised that while state court proceedings are determining whether or not he'll be able to pursue the appeal that he claims he's constitutionally entitled to. Which, based on these procedural questions, but just to be clear about the substantive challenge, the argument is the New York state court is deprived of the right to an appeal. And therefore, the 1986 conviction should not be used as a predicate to enhance the sentence. Is that right? As it currently stands, without giving him that right to appeal, correct. You haven't put forward evidence about a defect in the 1986 trial. The defect is the lack of an appeal, or the effective denial of a right to an appeal. Yeah, those defects, in our view, should be aired in an appeal in New York state court of that conviction, including prejudicial evidence that was entered and the judge interrupted. But we don't have the right to order the, I mean, we can't order the state courts to now entertain an appeal to a 1986 conviction. The question is what we do with the sentence, right? We couldn't. Yes, you don't have the right to directly order that, but you could order a conditional release that he be released because he's now exceeded what his sentence would have been without the 1986 conviction, conditioned on him getting the right to actually appeal. So that is what you're seeking in this? Correct case. Okay. All right. Thank you. Thank you very much. Thank you to Davis Paul for taking this case pro bono. Thank you to both sides. We'll reserve the decision.